# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In Re Subpoena issued to | ) | |
| Birch Communications, Inc. f/k/a | ) | Case No. 1:14-cv-3904-WSD- |
| CBeyond | ) | JFK |
| Communications, LLC. | ) | |

## CBEYOND COMMUNICATIONS, LLC'S ("CBEYOND") REPLY TO RIGHTSCORP, INC.'S ("RIGHTSCORP") OBJECTIONS TO MAGISTRATE'S ORDER AND REQUEST FOR SANCTIONS

## INTRODUCTION

Rightscorp continues to burden both CBeyond and this Court with frivolous and unpersuasive arguments. In its Objections to the Order issued by Judge Janet F. King, Rightscorp again asks this Court to become the **only** court in the nation to authorize subpoenas of the type at issue here. In advancing this argument, Rightscorp again relies exclusively on decisions that were long ago reversed, and on a dissenting opinion that has never been followed. The opinion below rightly rejected these discredited arguments. As Judge King has correctly ruled, neither the text, nor the structure, nor the purpose of Section 512(h) of the Digital Millenium Copyright Act ("DMCA") authorizes subpoenas to be issued to conduit Internet Service Providers ("ISPs"). Judge King's Order quashing Rightscorp's Subpoena should be adopted.

# ARGUMENT

I. **JUDGE KING'S ORDER IS SUBJECT TO REVERSAL ONLY ON A SHOWING THAT IT IS CLEARLY ERRONEOUS OR CONTRARY TO LAW.**

Judge King's discovery Order should not be reviewed *de novo* because it did not address a dispositive issue. As Rightscorp concedes, the "standard of review for a matter decided by a magistrate judge depends on whether the matter is properly categorized as 'non-dispositive' or 'dispositive.'" (Doc. 19, at 3). However, contrary to Rightscorp's assertions, the motion decided by Judge King was not "dispositive," because it is not among those listed in 28 U.S.C. § 636(b)(1)(A). This statute provides a list of motions that are "dispositive," and that, therefore, should be reviewed *de novo*. This list <u>does not include motions to quash</u>. Further, contrary to Rightscorp's assertions (Doc. 19, at 3), this list is exhaustive.

Many courts have held that "the listing found in § 636(b)(1)(A) is exhaustive and reflects Congress' intent that only those motions that are listed be construed as dispositive." *Vaquillas Ranch Co. v. Texaco Exploration, Inc.*, 844 F. Supp. 1156, 1162 (S.D. Tex. 1994). "The terms 'dispositive' and 'non-dispositive' are found nowhere in the language of § 636, but were included by Congress in the language of Rule 72 of the Federal Rules of Civil Procedure," which implements Section 636. *Robinson v. Eng*, 148 F.R.D. 635, 639 (D. Neb. 1993). The comments to Rule

72 and the legislative history of Section 636 show that the list in Section 636, which does not include discovery motions, is exhaustive:

> Although Rule 72 makes no express reference to § 636, the Advisory Notes make clear that when Congress included the term "non-dispositive" in Rule 72(a), it was referring specifically to those matters not expressly exempted in § 636(b)(1)(A). *See* Advisory Committee Notes on Rule 72 (stating that Rule 72(a) addresses "referrals of non-dispositive matters under 28 U.S.C. § 636(b)(1)(A)") <u>The legislative history of § 636 confirms that Congress considered all preliminary procedural matters not expressly delineated in § 636(b)(1)(A) to be non-dispositive</u> . . . *See, e.g.*, H.R.Rep. No. 94–1609, 94th Cong., 2d Sess., 11 (1976).

*Robinson*, 148 F.R.D. at 639 (emphasis added). CBeyond's motion to quash, having been omitted from the list in Section 636(b)(1)(A), is properly classified as non-dispositive.

Policy also favors holding that the list in Section 636(b)(1)(A) is exhaustive. The purpose of the Magistrate Act is to reduce the burden on district courts. *Id*. "If too many motions are added to the list of [dispositive] motions which a magistrate may not determine, the purpose of the magistrate judge system is defeated, and they become little more than super briefing clerks, writing recommendations that the district court must review *de novo*." *Vaquillas*, 844 F. Supp. at 1162-63 (citing *Peretz v. United States*, 501 U.S. 923, 934 (1991)). This reading is supported by Local Rule 72.1, which provides: "A listing of dispositive motions is contained in 28 U.S.C. § 636(b)(1)."

Rightscorp argues that Judge King's Order is dispositive because it ended this case. (Doc. 19, at 4). Rightscorp is wrong. An order is dispositive when claims or defenses are disposed of. "If the motion would not dispose of a claim or defense, the magistrate may decide the motion, and the magistrate's decision is reviewable only for clear error." *Rubin v. Smith*, 882 F. Supp. 212, 215 (D.N.H. 1995) (citing *Moore's Federal Practice* § 72.02[3], at 72–16 (1994)). This standard should be applied here.

## II. JUDGE KING CORRECTLY RULED THAT SECTION 512(h) DID NOT AUTHORIZE THE ISSUANCE OF RIGHTSCORP'S SUBPOENA.

### A. The structure of the statute at issue establishes that the subpoenas authorized under the statute may be directed only to ISPs that perform storage functions, and not to ISPs that merely serve as conduits of information.

Under 17 U.S.C. § 512--the statute claimed to authorize the subpoena at issue here--a distinction is made between ISPs that store user files and ISPs that merely serve as pass-through or conduit ISPs. Conduit ISPs are placed within subsection (a). "Subsection (a) addresses [ISPs] . . . who simply allow information to pass-through their systems." *In re Subpoena to UNC-Chapel Hill*, 367 F. Supp. 2d 945, 948-49 (M.D.N.C. 2005). CBeyond's role with respect to the allegedly infringing activity falls into this category.

Subsections (b), (c), and (d), on the other hand, cover ISPs that store data. Subsection (b) covers ISPs that "temporarily store data from one user before

4

passing it on to another at the request of the user," subsection (c) covers ISPs that "allow users to store data on the provider's system or network for longer periods of time," and, finally, subsection (d) covers ISPs that "maintain data on their network or system for use with an information location tool." *Id*. *See also* Doc. 16, at 3-4.

The statutory provision relied upon here to permit issuance of the Rightscorp subpoena is Section 512(h): "[Sub-section] (h) permits a copyright owner to 'request the clerk of any United States district court to issue a subpoena to [an ISP] for identification of an alleged infringer.'" *In re Charter Commc'ns, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, 775 (8th Cir. 2005). Under Section 512(h), however, one of the items to be included in any subpoena request is "a copy of a notification described in subsection (c)(3)(A)." *Id.* "This notification is a mandatory part of the subpoena request and a condition precedent to the issuance of a subpoena." *Id*. Further, the notification required by subsection (c)(3) must contain information sufficient to "locate and remove" allegedly infringing material. *Id*.

The distinction between the two categories of ISPs—those that store data and those that do not—is apparent from the fact that the notification requirement of subsection (c)(3) is included in subsections (b), (c), and (d), which cover ISPs that store files, <u>but not</u> by subsection (a), which covers ISPs that do not.

5

The fact that Congress specifically placed subsection (a) outside the purview of the subsection (c)(3) notification is critical. Because issuance of the notice required by subsection (c)(3) is a pre-requisite to issuing a subpoena under subsection (h), such subpoenas cannot be properly issued to pass-through ISPs, given that these ISPs are not covered by subsection (c)(3). (Doc. 16, at 3-4). Moreover, pass-through ISPs are not subject to 512(h) subpoenas because they cannot "locate" or "remove" allegedly infringing files, as they do not store files.

"[Subsection (h)] does not authorize the issuance of subpoenas against Subsection (a) ISPs . . . because before a subpoena may issue, the clerk must first receive a copy of the notice described in Subsection (c)(3)(A)." *Interscope Records v. Does 1-7*, 494 F. Supp. 2d 388, 391 (E.D. Va. 2007). This notice applies only to the categories of ISPs in subsections (b)-(d). Upon receipt of the notice, subsection (b)-(d) ISPs must respond "expeditiously to remove, or disable access to, the material that is claimed to be infringing, [per] 17 U.S.C. §§ 512(b)(2)(E), 512(c)(1)(C), & 512(d)(3), <u>to satisfy their safe harbor requirements</u>." *Interscope*, 494 F. Supp. 2d at 391 (emphasis added). "The notice and takedown provisions outlined above are noticeably absent from Section 512(a). In sum, <u>512(h) is structurally linked to the storage functions of an ISP and not to its transmission functions, such as those listed in § 512(a)</u>." *Id*. (emphasis added).

6

Subjecting conduit ISPs to 512(h) subpoenas "would necessarily amount to the rewriting of the statute," because it would force the grafting of the subsection (c)(3) notice onto subsection (a), where it was excluded by Congress. *In re Subpoena to UNC-Chapel Hill*, 367 F. Supp. 2d at 953. This analysis was first adopted by the D.C. Circuit, and then by Eighth Circuit, in two foundational cases that have been followed by every single court that has analyzed this issue. *See Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229, 1233-36 (D.C. Cir. 2003); *In re Charter*, 393 F.3d at 777.

Following the consensus that began with *Verizon* and *Charter*, Judge King quashed Rightscorp's Subpoena. When reviewed under a "clear error or contrary to law" standard, Judge King's Order must be affirmed. But even if reviewed *de novo*, her Order should be affirmed because it follows the holding of every court that has analyzed this issue. (Doc. 1, at 5, 7, fn. 2); (Doc. 18, at 5).

In a last ditch effort, Rightscorp argues that its statutory interpretation is correct because it was adopted by the United States Government when it intervened at the district court level in *Verizon* and *Charter*. (Doc. 19, at 8). However, "both of these decisions were reversed," as Rightscorp concedes, even despite the continued intervention of the United States. *Id.*; *Verizon*, 351 F.3d at 1233-36; *In re Charter*, 393 F.3d at 777. Rightscorp also relies on briefs filed by the Government against a magistrate's decision quashing a subpoena to an ISP.

(Doc. 19, at 9, fn. 4). Yet that district court, in a *de novo* review, affirmed the magistrate notwithstanding the input from the Government. *See In re Subpoena to UNC-Chapel Hill,* 1:03-mc-00138-WLO (M.D.N.C.), (Doc. 54). It is also worth mentioning that the Government is <u>not</u> intervening here.

Since Judge King's Order is supported by every final ruling that has addressed the issue, her Order should be affirmed, and Rightscorp's Subpoena should be quashed.

> **B. Congress's refusal to modify Section 512(h) shows that Judge King was correct in quashing Rightscorp's Subpoena.**

Though Rightscorp's Objections now rehash many of the same arguments it advanced in its Opposition, Rightscorp fails to address the fact that Congress has not modified Section 512(h), even despite a decade of cases uniformly quashing subpoenas like the one at issue here. More than ten years ago the D.C. Circuit held that Section 512(h) subpoenas cannot be served on pass-through ISPs, and the Eighth Circuit followed the *Verizon* decision in 2005. (Doc. 1, at 5-7). Since then, every single court has followed *Verizon* and *Charter*. (Doc. 16, at 8; fn. 4). Once again, Rightscorp fails to identify a single case, apart from two rulings that were reversed, which did not quash a subpoena to a conduit ISP. <u>There are none</u>.

Congress has not modified Section 512(h), even despite these uniform rulings, and even despite intense lobbying. (Doc. 16, at 8-9). It follows that Rightscorp's Subpoena was correctly quashed. As Judge King held, "it is the

province of Congress, not the courts, to decide whether to rewrite the DMCA in order to make it fit to new and unforeseen internet architecture and accommodate fully the varied permutations of competing interests that are implicated by such new technology." (Doc. 18, at 6) (citing *Interscope*, 494 F. Supp. 2d at 391). This Court should not become <u>the only court</u> to reject this line of cases.

### III. CBEYOND HEREBY INCORPORATES ITS OTHER ARGUMENTS.

Rightscorp's subpoena should also be quashed because Section 512(h) is unconstitutional, (Doc. 1, at 11 & Doc. 16, at 10), and because complying with the subpoena would cause undue burden to CBeyond. (Doc. 15, at 12; Sec. II, *supra*). Rightscorp further should be sanctioned for obtaining a subpoena in violation of settled law and for burdening the Court with frivolous contentions. (Doc. 1, at 13; Doc. 16, at 14).

### CONCLUSION

This Court should adopt Judge King's Order and quash Rightscorp's Subpoena. Further, this Court should order Rightscorp to reimburse CBeyond for its costs incurred in drafting the motions and briefs it has filed in this case.

Respectfully submitted,

SWIFT CURRIE MCGHEE, & HIERS LLP

By: /s/    D. Lee Clayton
    D. Lee Clayton, GA Bar #601004
    Swift, Currie, McGhee & Hiers, LLP
    1355 Peachtree Street, NE, Suite 300
    Atlanta, GA 30309
    Phone: 404.874.8800
    Fax: 404.888.6199
    lee.clayton@swiftcurrie.com

SPENCER FANE BRITT & BROWNE LLP

By:/s/ Gardiner B. Davis
    Gardiner B. Davis, Mo. Bar #29127
    Admitted pro hac vice
    Carlos Marin, Mo. Bar #66060
    Admitted pro hac vice
    1000 Walnut Street, Suite 1400
    Kansas City, MO 64106
    (816) 474-8100
    (816) 474-3216 (facsimile)
    gdavis@spencerfane.com
    cmarin@spencerfane.com

ATTORNEYS FOR CBEYOND COMMUNICATIONS, LLC.

## **CERTIFICATION AS TO FONT**

In accordance with Local Rule 7.1(D), the undersigned certifies that CBEYOND'S REPLY TO RIGHTSCORP'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER ON CBEYOND'S MOTION TO QUASH was prepared with Times New Roman 14, a font and point selection approved by the Court in Local Rule 5.1(C).

DATED: February 12, 2015

                                             By: /s/    D. Lee Clayton
                                                D. Lee Clayton, GA Bar #601004
                                                Swift, Currie, McGhee & Hiers, LLP
                                                1355 Peachtree Street, NE, Suite 300
                                                Atlanta, GA 30309
                                                Phone: 404.874.8800
                                                Fax: 404.888.6199
                                                lee.clayton@swiftcurrie.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Dennis J. Hawk, Esq.
Business Law Group
3100 Donald Douglas Loop N.
Santa Monica, CA 90405
Tel: (310) 664-8000
Email: dennis@dhwk.com

Lisa Moore, Esq.
The Moore Firm, LLC
Suite M-102, 887 West Marietta Street
Atlanta, Georgia 30318
Tel: (404) 748 9596
lisa@themoorefirm.com

Michael O. Crain, Esq.
Crain Law Group, LLC
Suite 24, 297 Prince Avenue
Athens, Georgia 30601
Tel: (706) 548-0970
mocrain@crainlawgroup.com

ATTORNEYS FOR RIGHTSCORP, INC.

By: /s/ D. Lee Clayton
D. Lee Clayton, GA Bar #601004
Swift, Currie, McGhee & Hiers, LLP
1355 Peachtree Street, NE, Suite 300
Atlanta, GA 30309
Phone: 404.874.8800
Fax: 404.888.6199
lee.clayton@swiftcurrie.com

AN ATTORNEY FOR CBEYOND
COMMUNICATIONS, LLC.

2912816v.1